IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

FILED

2019 MAY 24  AM 10: 30

~~CLERK, US DISTRICT CLERK~~
~~WESTERN DISTRICT TEXAS~~

BY_____ *SF*
          DEPUTY

| | |
|---|---|
| MARIA DEL CARMEN BARRIGA, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| FABIAN SOLOROZANO and | § |
| TRANSPORTES LYRMA DE CIUDAD | § |
| JUAREZ, S.A. de C.V., | § |
| | § |
| Defendants. | § |

JUDGE KATHLEEN CARDONE

Cause No.:_____

EP19CV0144

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** TRANSPORTES LYRMA DE CIUDAD JUAREZ, S.A. de C.V. (hereinafter "Transportes Lyrma" and improperly named in Plaintiff's Original Petition as Transportes Lyrma de Cuidad Juarez) and FABIAN SOLORZANO, Defendants in the above-entitled and captioned cause, and submit their Notice of Removal, and for jurisdiction respectfully show the following:

1.      These parties were named as Defendants in the case styled *Maria del Carmen Barriga v Fabian Solorozano and Transportes Lyrma de Ciudad Juarez;* Cause No. 2019-DCV0815, pending in the 205th District Court of El Paso County, Texas (hereinafter "The State Court Action"). The State Court Action arises out of truck/auto accident that occurred in El Paso County, Texas on or about May 29, 2018. A true and correct copy of the docket sheet from The State Court Action is attached as Exhibit "A." Pursuant to 28 U.S.C § 1446(a) a true and correct

copy of all process, pleadings and orders "in The State Court Action are being filed with this Notice, and are attached as Exhibit "B".

2.      In Plaintiff's Original Petition, its operative pleading, Plaintiff is alleged to be "a citizen of Texas at all times relevant to this action." According to the police report, Plaintiff resides in El Paso, Texas and holds a Texas driver's license. A certified copy of the Texas Peace Officer's Crash Report is attached as Exhibit "C" and referred to herein as if fully set forth at length.

3.      Plaintiff further alleges that Defendant Solorozano "is and was a citizen of Texas at all times relevant to this action." The police report indicates that Defendant Solorozano resides in Juarez, Mexico. Ex. C. Defendant Solorzano has always been a citizen of the Republic of Mexico and a resident of Ciudad Juarez, Mexico. A true and correct copy of the affidavit of Fabian Solorozano is attached as Exhibit "D" and referred to herein as if fully set forth at length. Defendant Solorzano has never been a citizen of the United States or a resident of the State of Texas.

4.      Plaintiff further alleges that Defendant Transportes Lyrma is a "foreign limited liability company with its principal place of business in El Paso, Texas." As of the time The State Court Action commenced, this Defendant was, has always been, and currently still is a business incorporated and existing under the laws of the Republic of Mexico with its principal place of business in Ciudad Juarez, Mexico. A true and correct copy of the affidavit of Mario Reyes Rubio, part owner of Defendant Transportes Lyrma, is attached as Exhibit "E" and referred to herein as if fully set forth at length.

5.      The State Court Action commenced on March 6, 2019 with the filing of Plaintiff's Original Petition. Defendants were unserved until May 2, 2019, when they accepted service by filing Defendants' Original Answer on May 3, 2019. The removal period is not triggered until a

defendant receives service. *McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. June 15, 2000); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1999).

6.      Plaintiff's Original Petition "seeks monetary relief over $1,000,000." In addition, the petition asserts that Plaintiff suffered damages including past and future physical pain, past and future mental anguish, past and future loss of earning capacity, past and future disfigurement, past and future impairment and past and future medical care expenses. Plaintiff also seeks exemplary damages. In this case, Plaintiff has pleaded an unspecified range in excess of $1,000,000.00.

7.      The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, if the state's practice does not permit demands for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3–7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2–4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). That being said, a Plaintiff must make all

information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez*, 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, both in the past and continuing in the future. Plaintiff has pleaded this case as being worth more than $1,000,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in the Plaintiff's Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

8.      This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(2) because all Defendants are citizens of the Republic of Mexico, so there is complete diversity of citizenship between the parties, and assuming that Plaintiff demanded the sum in her Original Petition in good faith, then at least $1,000,000.00 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

9.      This Notice is timely filed pursuant to 28 U.S.C. §1446(b), since it was filed within thirty (30) days of the receipt of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

10.     Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as the District and Division where The State Court Action is pending.

11.     Pursuant to 28. U.S.C. § 1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that pursuant to the above-referenced authorities, and that Defendants be granted such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  hutterer@mgmsg.com

By: _____

    **Darryl S. Vereen**
    State Bar No. 00785148
    **Frederick C. Hutterer III**
    State Bar No. 24100492

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, **Frederick C. Hutterer III**, hereby certify that on this _24_ day of May, 2019, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorney(s) of record: Mason W. Herring, Esq., mherring@craftlawfirm.com,  and  J.  Hunter  Craft,  Esq., hcraft@craftlawfirm.com, 2727 Allen Parkway, Suite 1150, Houston, Texas 77019.

_____
**Frederick C.  Hutterer III**